# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ROLAND PELLETIER,**
**INMATE # 287407,**

      **Plaintiff,**

**vs.**                       **Case No.  1:22cv338-AW-MAF**

**SINGLETARY, JAIL ADMINISTRATOR,**
**et al.,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, has submitted a civil rights complaint to this Court on the complaint form used in the United States District Court for the Middle District of Florida.  ECF No. 1.  Plaintiff has not paid the filing fee for this case, nor has he filed a motion requesting leave to proceed with in forma pauperis status.  Ordinarily, Plaintiff would be required to do one or the other to proceed with this case.  However, Plaintiff's complaint, ECF No. 1, has been reviewed and numerous issues have been discovered.

First, Plaintiff is an inmate in the Brevard County Jail in Cocoa, Florida.  CF No. 1 at 2.  All named Defendants are also located at the Brevard County Jail with Plaintiff, with the exception of the "Dept. of Health" which Plaintiff states is in Titusville, Florida.  ECF No. 1 at 2-3.  Titusville is the county seat of Brevard County.  All events alleged in the complaint took place at the Brevard County Jail.

Brevard County is not within the territorial jurisdiction of this Court; rather, it is located within the Middle District of Florida.  The venue statute provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."  28 U.S.C. § 1391(b)(1),(2).  This case has been initiated in the wrong district.  Venue is appropriate in the Middle District of Florida because the Defendants reside there, Plaintiff is located there, and Plaintiff's claims took place in the Brevard County Jail.  The proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Orlando Division.

Case No. 1:22cv338-AW-MAF

Second, although a case which has been filed in the wrong district could be transferred to the proper district "in the interest of justice" under 28 U.S.C. § 1406(a), there is no need to transfer this case.  Plaintiff's complaint did not properly provide his full litigation history nor did Plaintiff identify any cases which were dismissed for reasons which count as "strikes" under § 1915(g).  ECF No. 1 at 8-10.  Plaintiff indicates that he "had a couple [cases] closed due to lack of completed in forma pauperis" documents, *Id.* at 8, and he identifies one other pleading which he says he filed around the "3rd week of October" but has not heard from the court, "to the best of [his] knowledge."  *Id.* at 9.  Plaintiff further contends that the majority of his legal work has been unlawfully seized by jail officials.  *Id.*

It is Plaintiff's responsibility to keep a list of his prior litigation.  He must report that information to the courts when filing a new case.  The list matters as Plaintiff must acknowledge any cases dismissed as a "strike" so the Court can determine if Plaintiff qualifies for in forma pauperis status.  It would appear that Plaintiff is attempting to conceal the fact that he has filed numerous cases and has already received "three strikes."  The Court has taken judicial notice of the cases Plaintiff has already filed in the Middle District of Florida.

Case No. 1:22cv338-AW-MAF

The following cases were filed by Plaintiff[1] while he has been housed at the Brevard County Jail.

CASE #: 6:21-cv-00579-GKS-DCI was filed on March 31, 2021, and was dismissed without prejudice on April 2, 2021, because Plaintiff did not file a proper complaint on the court form.  ECF No. 5 of that case.

CASE #: 6:21-cv-00579-GKS-DCI was filed on April 15, 2021; it was dismissed without prejudice on April 21, 2021, because Plaintiff submitted a notice, not a proper complaint.  ECF No. 3 of that case.

CASE #: 6:21-cv-01250-GKS-LHP was filed on August 3, 2021, and dismissed on August 30, 2021.  That case was dismissed because a notice was mailed to Plaintiff from the court but "returned to sender."  The clerk was directed to close the case.  ECF No. 3 of that case.

CASE #: 6:21-cv-01249-GKS-GJK was filed on August 3, 2021, and dismissed on October 22, 2021.  That case was dismissed without prejudice because Plaintiff had been directed to file a "notice of related action" which was also returned to the court as "undeliverable."  ECF No. 3 of that case.

---

[1] The Court has confirmed these cases were filed by Plaintiff using his inmate # - 287407.

Case No. 1:22cv338-AW-MAF

CASE #: 6:22-cv-01587-CEM-EJK was filed on September 1, 2022, and dismissed on September 8, 2022, because Plaintiff's complaint failed to state a claim.  ECF No. 2 at that case.  Such a dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

CASE #: 6:22-cv-01588-CEM-DCI was also filed on September 1, 2022.  The case is pending and Plaintiff has been ordered to amend his complaint and either pay the filing fee or file an in forma pauperis motion.  ECF No. 2 of that case.  Notably, Plaintiff's deadline has passed.

CASE #: 6:22-cv-01593-GAP-DCI was filed on September 2, 2022, and dismissed without prejudice on October 17, 2022, for failing to comply with a court order to pay the filing fee or in forma pauperis motion.  ECF No. 4 of that case.

CASE #: 6:22-cv-01597-RBD-DCI was filed on September 2, 2022, and dismissed on September 9, 2022.  Dismissal was because Plaintiff's complaint failed to state a claim and it was frivolous.  Thus, that dismissal also counts as a "strike" under 28 U.S.C. § 11915(g).  ECF No. 2 of that case.

CASE #: 6:22-cv-01715-PGB-EJK was filed on September 19, 2022, and dismissed without prejudice on September 27, 2022.  Dismissal was

ordered because Plaintiff attempted to file the case with other prisoners; they were ordered to separately submit complaints on the proper forms. ECF No. 2 of that case.

CASE #: 6:22-cv-01862-RBD-EJK was initiated on October 7, 2022, but was transferred to the District of Maine on October 12, 2022. This Court has not undertaken to determine the status of the case in Maine which was opened as case # 1:22cv342 on November 2, 2022.

CASE #: 5:22-cv-00498-CEM-PRL was initiated on October 28, 2022, but was also transferred. The case was received in the Gainesville Division of this Court and proceeds as case # 1:22cv317.

CASE #: 6:22-cv-02031-CEM-EJK was filed on November 3, 2022, but was dismissed on November 9, 2022, for failure to state a claim. ECF No. 5 of that case. The court noted Plaintiff's claims were barred by the statute of limitations. *Id.* That case counts as Plaintiff's third "strike" under 28 U.S.C. § 1915(g).

CASE #: 2:22-cv-00787-SPC-NPM was filed on December 12, 2022. It was closed in the Fort Myers Division of the Middle District of Florida and transferred to the Orlando Division of that Court on December 13, 2022.

In addition to the cases listed above, Plaintiff has filed several cases seeking a writ of habeas corpus: (1) case #: 5:22-cv-0497 was filed on October 28, 2022, was transferred to the Northern District of Florida and opened as case # 1:22cv308 on November 8, 2022; (2) case # 6:22-cv-2029 was filed on November 3, 2022, and dismissed on December 12, 2022.

This listing of cases has been provided as a courtesy should Plaintiff decide to initiate other cases in federal court. These cases must be reported and the fact that Plaintiff has "three strikes" must be disclosed.

Plaintiff is informed that 28 U.S.C. § 1915(g) prohibits a prisoner from filing civil lawsuits or appeals without full prepayment of the filing fee if the prisoner has had three prior cases or appeals dismissed because the cases were frivolous, malicious, or failed to state a claim upon which relief may be granted, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Plaintiff would normally be required to determine if an in forma pauperis motion would be barred by the "three strikes" provision of § 1915(g). However, the Court has reviewed Plaintiff's complaint in light of the determination that Plaintiff has "three strikes" under § 1915(g). As explained above, he cannot proceed with in forma pauperis

status in this case "unless" he demonstrates that he "is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Here, Plaintiff does not raise allegations of ongoing danger from any official or inmate.  He asserts "there has been persistent targeting by harassment" and "threats," *see* ECF No. 1 at 5, but those assertions are vague, conclusory, and unsupported by specific facts which identify any named Defendant.  Indeed, Plaintiff has not alleged that he is in danger from any Defendant.[2]

Plaintiff also complains that he was denied medical treatment on "October 4th," but Plaintiff's complaint does not identify his injuries for which he needed treatment.  It is far from clear that Plaintiff has a "serious medical need" as required to support an Eighth Amendment claim.  He has stated only that he had some "numbness in hands" and "mental anguish as well as unknown injuries."  ECF No. 1 at 5.  As presented, Plaintiff's complaint fails to allege facts showing he faces "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

_____

[2] Plaintiff has sued four Defendants in total, but only one individual is named as a Defendant - the jail administrator, Singletary.  ECF No. 1.  Otherwise Plaintiff sues the medical provider "Yescare," Broward County, and the Department of Health.  *Id.*

Because Plaintiff has not demonstrated "imminent danger" and his allegations are about past harm, not future harm, they are insufficient to permit Plaintiff to proceed in this case. <u>Medberry v. Butler</u>, 185 F.3d 1189, 1192-93 (11th Cir. 1999) (stating that "a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis") (quoted in <u>Jacoby v. Lanier</u>, 850 F. App'x 685, 688 (11th Cir. 2021). This case should be dismissed without prejudice because Plaintiff did not submit the filing fee at the same time the complaint was submitted. Plaintiff is not entitled to belatedly pay the filing fee. <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." *Id*.

## **<u>RECOMMENDATION</u>**

It is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** to Plaintiff's refiling an action in the appropriate venue if Plaintiff simultaneously submits the $402.00 filing fee. It is also **RECOMMENDED** that the Order adopting this Report and

Recommendation direct the Clerk of Court to note on the docket that this

cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on December 14, 2022.


S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**



## <u>NOTICE TO THE PARTIES</u>

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**